United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10014
Conference Calendar

WILLIAM HERBERT HARWOOD,

Petitioner-Appellant,

versus

L.E. FLEMING, Warden, Federal Medical Center -- Fort Worth,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-1437-A
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

William Herbert Harwood, federal prisoner # 03210-063,
convicted in Oklahoma and incarcerated in Texas, appeals the
district court's dismissal of his 28 U.S.C. § 2241 petition
challenging his 18 U.S.C. § 924(c) conviction.  The district
court determined that Harwood failed to satisfy the requirements
of 28 U.S.C. § 2255's savings clause to allow him to raise his 28
U.S.C. § 2255 claim in a 28 U.S.C. § 2241 petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Harwood argues that, in light of <u>Bailey v. United States</u>, 516 U.S. 137 (1995), he was convicted based upon conduct no longer criminal under 18 U.S.C. § 924(c); that this claim was foreclosed by Tenth Circuit precedent at the time of his conviction; and that he cannot raise the claim in a successive 28 U.S.C. § 2255 motion because <u>Bailey</u> did not create a new rule of constitutional law.  Harwood filed 28 U.S.C. § 2255 motions in 1996 and 1998, after <u>Bailey</u> was decided.  He has not shown that the claim was foreclosed by circuit law at the time he filed his prior 28 U.S.C. § 2255 motions, and he therefore has not shown that 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention."  <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001); 28 U.S.C. § 2255.

AFFIRMED.